UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: ___4/15/09___

------------------------------------- x

JOHN LEO,                                    :

                  Plaintiff,                 :                 06 Civ. 13566 (DAB) (AJP)

          -against-                      :                 **ORDER**

LEISURE DIRECT, INC. & JOHN AYLING,          :

                Defendants.                :

------------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

By Opinion and Order dated February 13, 2009, Judge Batts granted plaintiff John

Leo partial summary judgment on liability as to defendant Leisure Direct, Inc. for breach of the

Promissory Note and Subscription Agreement. (Dkt. No. 22: 2/13/09 Opinion & Order.) At that

time, plaintiff's claims against defendant Ayling remained. (Id.) By letter dated April 15, 2009,

plaintiff has agreed to dismiss his remaining claims against Leisure Direct and his claims against

defendant Ayling. (See attached letter.) The Court approves and "so orders" that dismissal, with

prejudice.

The Court will hold the inquest as to damages (the $100,000 amount of the Note and

interest) and attorneys' fees by written submission, unless either side requests an inquest hearing (or

other procedure) by April 20, 2009.

C:\OPIN\

Plaintiff's inquest papers (affidavit(s) and brief) are due April 29, 2009, Leisure Direct's opposition papers are due May 13, 2009, and plaintiff's reply papers are due May 20, 2009. The Court also directs the parties to address in their inquest submissions the validity of the Note's provision for interest of 30%, and whether that violates New York's (or any other applicable jurisdiction's) usury laws.

* * *

The parties shall advise the Court as to whether they jointly consent to decision of this action by a United States Magistrate Judge (that is, the undersigned), pursuant to the enclosed forms and explanations. If both parties consent, they should complete counterparts of the forms and return them to my chambers. If either or both parties do not consent, Mr. Vidler shall act as liaison and report to chambers that the parties do not consent, without indicating any particular party's consent or non-consent. (In other words, the Court does not want to know that party A consents and party B does not). This Order is not meant to in any way interfere with the parties' absolute right to final decision by a United States District Judge (Judge Batts), but is merely an attempt at preserving scarce judicial resources and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

Mr. Vidler is to notify the Court by no later than April 29, 2009.

SO ORDERED.

Dated:          New York, New York
                April 15, 2009

                                          _____
                                          **Andrew J. Peck**
                                          United States Magistrate Judge

Copies **by fax & ECF** to:       Gregory P. Vidler, Esq.
                                  Carl E. Person, Esq.
                                  Judge Deborah A. Batts

C:\OPIN\



# GUZOV OFSINK, LLC

### ATTORNEYS AT LAW

600 MADISON AVENUE, 14TH FLOOR

NEW YORK, NEW YORK 10022

TELEPHONE: (212) 371-8008    FACSIMILE: (212) 688-7273

WWW.GOLAWINTL.COM

April 15, 2009

***VIA* FACSIMILE**
Hon. Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 20D
New York, NY 10007
Fax: (212) 805-7933

*Re:*    *John Leo v. Leisure Direct, Inc and John Ayling, Index No.: 06 CV 13566*

Dear Judge Peck:

This firm represents plaintiff John Leo in the above-referenced matter.

As we discussed in our March 27, 2009 telephone conference, the parties discussed settlement. However, the parties were not able to come to any resolution, and we do not believe that any settlement is possible.

Therefore, at this point, Plaintiff will agree to abandon its remaining claim in the District Court action and respectfully requests that that we proceed with the inquest at the Court's earliest convenience.

Respectfully submitted,

Gregory P. Vidler

cc:    Carl E. Person Esq. *(by fax)*
       *Attorney for Defendants*