UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN LEO,<br><br>Plaintiff,<br><br>-against-<br><br>LEISURE DIRECT, INC. and JOHN AYLING,<br><br>Defendants. | Case No. 06-cv-13566 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE THE JUDGEMENT AND DISMISS**

CARMEL, MILAZZO & DICHIARA, LLP
261 Madison Avenue, 9th Floor
New York, New York 10016
(212) 658-0458

*Attorneys for Plaintiff*

# TABLE OF CONTENTS


PAGE

TABLE OF AUTHORITIES ........ ii

Preliminary Statement ........ 1

Procedural History ........ 2

Argument ........ 3

I. LEGAL STANDARD ........ 3

II. DEFENDANTS HAVE NOT STATED A BASIS FOR RELIEF UNDER RULE 60(b)(4) ........ 5

III. RULE 60(b) MOTIONS ARE NOT APPLICABLE TO SETTLEMENTS ........ 7

IV. DEFENDANTS' MOTION IS UNTIMELY ........ 8

V. DEFENDANTS HAVE NO BASIS TO BRING A RULE 12(c) MOTION ........ 9

Conclusion ........ 11

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Andrulonis v United States*,
26 F.3d 1224 (2d Cir. 1994)....................7, 8

*Angelo v. Brenner*,
90 A.D.2d 131 (3d Dep't 1982)....................10

*Baltimore S.S. Co. v. Phillip*,
274 U.S. 316 (1927)....................6

*Cent. Vt. Pub. Serv. Corp. v. Herbert*,
341 F.3d 186 (2d Cir. 2003)....................5

*City of New York v. Mickalis Pawn Shop, LLC*,
645 F.3d 114 (2d Cir. 2011)....................5-6

*Federated Dept. Stores, Inc. v. Moitie*,
452 U.S. 394 (1981)....................6

*First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda-Permanent Mission*,
877 F.2d 189 (2d Cir. 1989)....................6

*Grace v. Bank Leumi Trust Co. of N.Y.*,
443 F.3d 180 (2d Cir. 2006)....................4, 6

*Graham v. Sullivan*,
2002 U.S. Dist. LEXIS 9006 (S.D.N.Y. May 10, 2002)....................8

*In re 310 Assocs.*,
346 F.3d 31 (2d Cir. 2003)....................4

*In re Emergency Beacon Corp.*,
666 F.2d 754 (2d Cir. 1981)....................4

*In re Texlon Corp.*,
596 F.2d 1092 (2d Cir. 1979)....................4, 5

*Johnson v. Univ. of Rochester Med. Ctr.*,
642 F.3d 121 (2d Cir. 2011)....................4

*Keezing v. Rodriguez*,
196 Misc. 2d 408 (Sup. Ct. 2003)....................10

*Kellogg v. Strack*,
269 F.3d 100 (2d Cir. 2001)....................8

*Kozlowski v. Coughlin*,
871 F.2d 241 (2d Cir. 1989)....................7

*Lee v Marvel Enterprises, Inc.*,
765 F. Supp. 2d 440 (S.D.N.Y. 2011)....................8

*Madonna v. U. S.*,
878 F.2d 62 (2d Cir. 1989) ....................10

*Margoles v. Johns*,
660 F.2d 291 (7th Cir. 1981) ....................5

*Mendell ex rel. Viacom, Inc. v. Gollust*,
909 F.2d 724 (2d Cir. 1990)....................4

*Payne v. Burnham*,
62 N.Y. 69 (1875)....................10

*Nemaizer v. Baker*,
793 F.2d 58 (2d Cir. 1986)....................4, 5

*Sonhouse v. Nynex Corp.*,
225 F.3d 646 (2d Cir. 2000)....................8

*United States v. Bank of New York*,
14 F.3d 756 (2d Cir. 1994)....................8

*United Airlines, Inc. v. Brien*,
588 F.3d 158 (2d Cir. 2009)....................7

*United Student Aid Funds, Inc. v. Espinosa*,
559 U.S. 260 (2010)....................5, 7

*Tolkin v Pergament*,
2012 WL 1132475 (E.D.N.Y. Mar. 31, 2012)....................5

**Statutes:**

Fed. R. Civ. P. 60(b)....................................................................................4

Fed. R. Civ. P. 60(c)....................................................................................8, 9

General Obligations Law § 5–501.........................................................................10

**Treatises:**

11 Wright & Miller, Federal Practice and Procedures § 2862 (1973)................................4

Plaintiff John Leo ("Plaintiff" or "Leo"), by his attorneys Carmel, Milazzo & DiChiara, LLP, respectfully submit this Memorandum of Law in Opposition of Defendants Leisure Direct, Inc., k/n/a LD Holdings, Inc. ("LD Holdings") and John Ayling ("Ayling") (collectively, "Defendants") motion to vacate the Judgment pursuant to F.R.C.P. 60(b)(4) ("Rule 60(b)(4)") and to dismiss pursuant to F.R.C.P. 12(c).

**PRELIMINARY STATEMENT**

Notorious in its omission in Defendants' motion is any reference to the facts which have transpired over the eight (8) years since the parties entered into a settlement and stipulated judgment before this Court on May 27, 2009 (the "Stipulated Judgment"). Since the entry of Stipulated Judgment, Defendants have embarked on a course of conduct and taken deliberate and concerted actions to thwart enforcement of the Stipulated Judgment and to frustrate Plaintiff's efforts to collect. Most recently, and after the New York State Appellate Division, First Department, denied Defendants' Appeal and Request to Reargue, Plaintiff was constrained to file a motion for contempt of court against Defendants LD Holdings and Mr. Ayling for numerous violations of Court orders and decisions.

Notwithstanding the foregoing, Defendants conflate the partial motion for summary judgment, which was unopposed by Defendants, and the subsequent settlement which resulted in the Stipulated Judgment. Initially, Rule 60(b) motions are not applicable to settlement agreements and stipulated judgments. Next, and *assuming arguendo* that the promissory note underlying this action is void *ab inito*, which it is not, Defendants still cannot make a claim under Rule 60(b)(4), as they do not even attempt to meet the standard. Rather, although styled as a Rule 60(b)(4) motion in order to avoid the "timeliness" requirement, Defendants' motion is

actually a Rule 60(b)(1) claim of "mistake, inadvertence, surprise or excusable neglect" not brought within a "reasonable time" which is one year from the entry of the Stipulated Judgement, and as stated above, not applicable to settlements.

As set forth in detail below, the Court should deny Defendants' motion in its entirety.

**PROCEDURAL HISTORY**

By way of background, after the entry of the Stipulated Judgment, Plaintiff registered the Judgment in Ohio, where Defendants maintained an office, but enforcement procedures proved fruitless. Thereafter, the Judgment was docketed in New York County Clerk's Office on February 18, 2015.[1] No part of the aforesaid money judgment or of the interest accrued thereon has been paid or satisfied, despite repeated demands. On April 14, 2015, Plaintiff commenced a turnover proceeding under CPLR § 5225(a) to compel Defendants to issue its authorized but unissued shares to Plaintiff.[2] On July 2, 2015, the Supreme Court of the State of New York, New York County, entered an order requiring Defendant to issue 200,000,000 of its authorized shares, $0.001 par value, to Plaintiff in payment of the $200,000 judgment (the "Order").[3] However, instead of complying with the Order, on July 15, 2015, thirteen (13) days after the court issued same, Defendants took direct and purposeful actions to evade and frustrate enforcement.[4] Specifically, Defendants through Corporate Resolution and a Written Consent of the Majority Shareholder, Defendant Ayling, eliminated all authorized but unissued shares of the corporation.[5] Thereafter, and in order to rectify and prohibit Defendants from skirting the Order, the Honorable Geoffrey D. Write issued a Judgment on April 1, 2016, finding that Defendant LD

---

[1] *See* the Affirmation of Ross D. Carmel, Esq. (hereinafter, the "Carmel Aff.") ¶ 6, Ex. A.
[2] *See* Carmel Aff. ¶ 7, Ex. B.
[3] *See* Carmel Aff. ¶ 8, Ex. C.
[4] *See* Carmel Aff. ¶ 9.
[5] *See* Carmel Aff. ¶ 10, Ex. D.

Holdings and Defendant Ayling engaged in an "apparent effort to obstruct and/or render null and void, this Court's determination in favor of Petitioner on July 2, 2015," and directed Defendants to immediately rescind its corporate resolution which eliminated the authorized shares and further directed that the 200,000,000 shares be issued and delivered to Plaintiff no later than the 27th day of May, 2016.[6] To date, Defendants has neither rescinded the corporate resolution nor issued Plaintiff the shares.

On January 26, 2017, Defendant LD Holdings appealed the Order to the New York State Appellate Division, First Department (the "Appellate Division").[7] On May 30, 2017, the Appellate Division upheld the lower Court's determination, and in fact described Defendants' de-authorization as an "attempt to thwart enforcement."[8] Thereafter, still unwilling to comply, Defendants moved to reargue the Appeal, which was also denied by the Appellate Division.[9]

Most recently, on October 10, 2017, Plaintiff filed a motion for in the Supreme Court of the State of New York, County of New York, seeking to hold Defendants LD Holdings and Mr. Ayling in contempt of court for willfully and purposefully refusing to comply with a multiple Court Order's and decisions. [10]

**ARGUMENT**

## I. LEGAL STANDARD

Under Rule 60(b), a district court may relieve a party from a final judgment or order for, among others, the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

[6] *See* Carmel Aff. ¶ 11, Ex. E.
[7] *See* Carmel Aff. ¶ 12, Ex. F.
[8] *See* Carmel Aff. ¶13, Ex. G.
[9] *See* Carmel Aff. ¶14, Ex. H.
[10] *See* Carmel Aff. ¶14, Ex. I.

(3) fraud (whether intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or, (4) the judgment is void. *See* Fed. R. Civ. P. 60(b). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of ***exceptional circumstances***." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (emphasis added) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

Although not referenced by Defendants, Rule 60(b)(1) "permits a district court to grant relief from a judgment based on 'mistake, inadvertence, surprise, or excusable neglect.'" *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (quoting F.R.C.P. 60(b)(1)). The New York State Court of Appeals has interpreted "mistake" to include both errors of a party or his representatives, *see In re Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir. 1981), and mistakes of law or fact made by the district court, *see In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003).

Applicable to the instant matter, Rule 60(b)(4) provides that the Court may vacate a judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void "***only*** if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) (quoting *In re Texlon Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979) citing 11 Wright & Miller, Federal Practice and Procedures § 2862, at 198 (1973)). A judgment is ***not void*** within the meaning of Rule 60(b)(4) merely ***because it is erroneous***. *Texlon*, 596 F.2d at 1099 (emphasis added). Further, "a judgment may be declared void for want of jurisdiction only when the court 'plainly usurped jurisdiction,' or, put somewhat differently, when 'there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had

jurisdiction.'" *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

Defendants have not alleged, and cannot allege, that the Court lacked subject matter or personal jurisdiction, and plainly usurped jurisdiction, or violated Defendants' right to due process. Accordingly, the Court should deny Defendants' motion.

## II. DEFENDANTS HAVE NOT STATED A BASIS FOR RELIEF UNDER RULE 60(b)(4)

In ascertaining whether or not a judgment is in fact void within the meaning of Rule 60(b)(4), it is important to recognize that a judgment is not void simply because it is erroneous, as Rule 60(b)(4) is not intended as a substitute for appeal. *Margoles v. Johns*, 660 F.2d 291, 295 (7th Cir.1981), *cert. denied* 455 U.S. 909, 102 S.Ct. 1256, 71 L.Ed.2d 447 (1982); *Baumlin & Ernst, Ltd. v. Gemini, Ltd.*, 637 F.2d 238, 242 (4th Cir.1980); *Otte v. Manufacturers Hanover Commercial Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979). The Second Circuit Court of Appeals, in the *Texlon* case, expressed this point as follows:

> Even if the order had been contrary to an express provision of the Bankruptcy Act ... the order would not have exceeded the 'jurisdiction' of the court. 596 F.2d at 1099.

"A judgment is not void ... simply because it is or may have been erroneous.... [A] motion under Rule 60(b)(4) is not a substitute for a timely appeal. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158 (2010); *see also Tolkin v Pergament*, 11 CV 3467 SJF, 2012 WL 1132475, at *8 (E.D.N.Y. Mar. 31, 2012); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir.

2011) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure ... if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." (quoting *Grace*, 443 F.3d at 193).

Defendants do not even attempt to present evidence or even argue that the Court lacked subject matter or personal jurisdiction or that their right to due process was somehow violated. This is so because there is no colorable argument in support of same. Rather, Defendants' entire argument is that the promissory note is void *ab initio*, and as a result, the Stipulated Judgment is void. However, this is not valid basis for bringing a Rule 60(b)(4) motion, and notably, Defendants do not cite any precedent to the contrary.

Here, Defendants seeks to overturn the Stipulated Judgment because, in sum and substance, the Court incorrectly granted Plaintiff's ***unopposed*** motion for partial summary judgment, which then lead the parties to settle the case.[11] However, it is well settled that a Rule 60(b)(4) motion provides no relief to a party who merely asserts that the judgment they seek to overturn was incorrect as a matter of law. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed 2d 103 (1981) ("A judgment merely voidable because [it was] based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action].") (quoting *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927)); *First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda-Permanent Mission*, 877 F.2d 189, 194 (2d Cir. 1989) ("An error of substantive law, unlike an erroneous determination that jurisdiction exists, is not a ground for vacating a default judgment as void.").

[11] *See* Carmel Aff. ¶ 3; DKT# 17.

Although styled as a Rule 60(b)(4) motion in order to avoid the "timeliness" requirement, Defendants' motion is actually a Rule 60(b)(1) claim of "mistake, inadvertence, surprise or excusable neglect," which was not brought within a "reasonable time," and is not applicable to settlements.[12] It has been over eight years since the entry of the Stipulated Judgment, and "Rule 60(b)(4) is not a substitute for a timely appeal." *United Student Aid Funds, Inc.*, 559 U.S. at 271.

Defendants have not met or even attempted to meet the standard to bring a Rule 60(b)(4) motion. As such, the Court should deny same accordingly.

**III. RULE 60(b) MOTIONS ARE NOT APPLICABLE TO SETTLEMENTS**

As admitted in Defendants' motion, and prior to complying with the Magistrate Judge's order directing the parties to address whether the promissory note violates New York's usury laws, the "parties purportedly settled the matter for $200,000" and entered the Stipulated Judgment.[13]

However, Rule 60(b) motions are inapplicable to settlements and do not allow the Court to '"indulge a party's discontent over the effects of its bargain.'" *Andrulonis v United States*, 26 F.3d 1224, 1235 (2d Cir. 1994) (quoting *Kozlowski v. Coughlin*, 871 F.2d 241, 246 (2d Cir. 1989)); *see also United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) ("Rule 60 does not allow district courts to indulge a party's discontent over the effects of its bargain, such as where the party has made a deliberate, strategic choice to settle."). "Accordingly, when a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect." *Andrulonis*, 26 F.3d at 1235; *see*

---

[12] With respect to timeless, "[a] motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c).

[13] Defendants' Memorandum of Law in Support of their Motion to Vacate the Judgment at pg. 2, first paragraph.

*also United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994) (accord). A parties "hindsight assessment of its bargain is not a permissible ground for Rule 60(b) relief…." *Andrulonis*, 26 F.3d at 1235.

Here, and as admitted by Defendants, the parties settled this matter and entered into a Stipulated Judgment. As a result, there is no basis for relief under Rule 60(b) and the Court should deny Defendants' motion.

## IV. DEFENDANTS' MOTION IS UNTIMELY

Even if Defendants stated a recognizable claim for relief under Rule 60(b)(4), which they do not, the claim was not brought within a "reasonable time." *See* Fed.R.Civ.P. 60(c)(1).

In the instant matter, the Stipulated Judgment was entered by the Court over eight (8) years ago.[14] Much shorter delays have been held to be unreasonable. *See, e.g., Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) ("Kellogg's motion was made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances."); *Sonhouse v. Nynex Corp.*, 225 F.3d 646 (2d Cir. 2000) (upholding district court finding that Rule 60(b) motion filed three years after entry of judgment was untimely); *Graham v. Sullivan*, No. 86 Civ. 163, 2002 U.S. Dist. LEXIS 9006, at *3–4 (S.D.N.Y. May 10, 2002) (holding that sixteen-month delay in bringing Rule 60(b) motion was unreasonable); *Lee v Marvel Enterprises, Inc.*, 765 F. Supp. 2d 440, 449 (S.D.N.Y. 2011), *affd*, 471 Fed Appx 14 (2d. Cir. 2012) (denying a Rule 60(b)(4) motion where no "mitigating circumstances" presented justified a five-year delay in seeking reconsideration.)

---

[14] *See* Carmel Aff. ¶ 5; DKT# 27.

First, Defendants have not alleged any mitigating circumstances. Next, Defendants waited eight (8) years, and only after the Appellate Division denied their appeal and request for re-argument in regards to the related turnover proceeding.[15] Further, there are no mitigating factors as Defendants' inapplicable basis for their Rule 60(b(4) motion is based on issues which were initially before the Court. As admitted by Defendants, the Magistrate Judge ordered that the parties address whether the interest rate violated New York's usury laws, but the parties chose to settle the matter instead.[16] Certainly, Defendants, who at all times were represented by counsel, could have chosen not to settle the matter, and appealed the Court's decision on the motion for partial summary judgment back in 2009. Defendants certainly understand the appeal process since they appealed to the Appellate Division in the related turnover proceeding. Further, Defendants could have chosen to oppose Plaintiff's motion for partial summary judgment, but instead submitted a one page "Non-Opposition" to the motion for partial summary judgment.[17]

As Defendants have neither alleged any mitigating factors nor are there any mitigating factors present, even if they properly asserted a recognizable claim for relief under Rule 60(b)(4), which they have not, the claim was not brought within a "reasonable time." *See* Fed.R.Civ.P. 60(c)(1).

## V. DEFENDANTS HAVE NO BASIS TO BRING A RULE 12(c) MOTION

As set forth above, Defendants fail to establish a claim for relief under Rule 60(b)(4), and as such, the Stipulated Judgment should be held in full force and effect. Thus, Defendants' Rule 12(c) motion is inapplicable.

---

[15] *See* Carmel Aff. ¶¶ 5, 13-14.
[16] *See* Defendants' Memorandum of Law in Support of their Motion to Vacate the Judgment at pg. 2, first paragraph.
[17] *See* Carmel Aff. ¶ 3; DKT# 17.

Assuming arguendo the Stipulated Judgment was vacated and the loan was usurious, Defendants Rule 12(c) motion still fails.

The standard for ruling on a Rule 12(c) motion mirrors a motion to dismiss under Rule 12(b), in that "the court must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party." *Madonna v. U. S.*, 878 F.2d 62, 65 (2d Cir. 1989).

First, the loan was part of an investment into LD Holdings.[18] "Usury laws apply only to loans and forbearances, not investments (General Obligations Law § 5–501[1], [2]). Hence, if the transaction is not a loan, 'there can be no usury, however unconscionable the contract may be.'" *Keezing v. Rodriguez*, 196 Misc. 2d 408, 410 (Sup. Ct. 2003).

Next, a borrower's conduct estops a usury defense. "[A] party will be concluded [sic] from denying his own acts or admissions which were expressly designed to influence the contract of another, and did so influence it, and when such denial will operate to the injury of the latter." *Payne v. Burnham*, 62 N.Y. 69, 73 (1875). "[A] usurious loan which would ordinarily be unlawful, void and unenforceable; however, inasmuch as the transaction was the brainchild of the Defendant, equity dictates that the Plaintiff is entitled to recovery of the outstanding balance of the amount advanced, with legal interest. *Keezing*, 196 Misc. 2d at 411.

This is the case because otherwise, a borrower could void the transaction, keep the principal, and "achieve a total windfall, at the expense of an innocent person, through his own subterfuge and inequitable deception." *Angelo v. Brenner*, 90 A.D.2d 131, 132 (3d Dep't 1982).

---

[18] *See* the Declaration of Defendant John Ayling at ¶ 4, Ex. B.

Thus, at a minimum, there is an issue of fact which would preclude Defendants' Rule 12(c) motion. However, since Defendants failed to establish a claim for relief under Rule 60(b)(4), the Stipulated Judgment should be held in full force and effect.

As such, the Court should deny Defendants motion in its entirety.

## CONCLUSION

As Defendants have not established any grounds sufficient to support their motion under Rule 60(b)(4) and rather are attempting to use the motion as substitute for appeal, it should be denied. For the forgoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion, and award Plaintiff his legal fees and costs, together with any other relief that this Court deems just and proper.

Dated: New York, New York
October 18, 2017

CARMEL, MILAZZO & DiCHIARA, LLP

By:______________________________

Ross D, Carmel, Esq.
261 Madison Avenue, 9th Floor
New York, New York 10016
(212) 658-0458

*Attorneys for Plaintiff*