UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

JOHN C. LEO,

Case No: 06-cv-13566 (DAB)

Plaintiff,

-against-

LEISURE DIRECT, INC., a Nevada Corporation, and JOHN AYLING, an Individual,

Defendants.

-----------------------------------------------------X

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO VACATE JUDGMENT and to DISMISS THE CASE PURSUANT TO F.R.C.P. Rule 12(c).**

**THE BASILE LAW FIRM P.C.**
Mark R. Basile, Esq. [MB2201]
68 S. Service Rd., Ste. 100
Melville, New York 11747
Tel: (516) 455-1500
Fax: (631) 498-0748
mark@thebasilelawfirm.com

# TABLE OF CONTENTS

**Pages**

INTRODUCTION ........ 1

ARGUMENT ........ 1

POINT I
**JUDGEMENT SHOULD BE VACATED PURSUANT TO R. 60(B)** ........ 2

A. F.R.C.P. R. 60(b)(4) Should Apply to this Matter ........ 2

B. F.R.C.P. R. 60(b)(6) Provides An Alternate Basis To Vacate the Judgment ........ 3

C. The Entire Transaction suffers from an initial fatal infirmity of Criminal Usury ........ 6

POINT II
**THIS CASE SHOULD BE DISMISSED PURSUANT TO RULE 12(c)** ........ 8

D. This Case Should Be Dismissed Pursuant to F.R.C.P. R. 12(C) after Vacating ........ 8

CONCLUSION ........ 8

**TABLE OF AUTHORITIES**

*In re Waters*,
No. 99-31833, 2011 Bankr. LEXIS 3245, at *1 (U.S. Bankr. D. Conn. Aug. 23, 2011)......2

*Josefsek v. Sedgwick, Inc.*
2005 U.S. Dist. LEXIS 19286, at *15 (S.D.N.Y. Aug. 17, 2005).......................................6

*Klapprott v. United States*
335 U.S. 601, 614-15 (1949) ..............................................................................................6

*Kotlicky v. United States Fidelity Guar. Co.*,
817 F.2d 6, 9 (2d Cir. 1987) ...............................................................................................4

*LeBlanc v. Cleveland,*
248 F.3d 95, 100 (2d Cir. 2001*)* ........................................................................................3

*Madonna* v. *U. S.*
878 F.2d 62, 65 (2d Cir. 1989) ............................................................................................8

*Matter of Emergency Beacon Corp*
666 F.2d at 759 ...................................................................................................................2

*Mitchell v Rees*,
522 U.S. 1120 (1998) .........................................................................................................3

*Nemaizer v. Baker*
793 F.2d 58, 65 (C.A.2 1986)..............................................................................................2

*Nurani v. Marissa by GHR Industries,*
151 F.R.D. 32 (S.D.N.Y. 1993)............................................................................................4

*Rothstein v. Isolation Film LLC*
2017 U.S. Dist. 59133 (S.D.N.Y. Mar. 22, 2017) ...............................................................8

*Sellers* v. *M.C. Floor Crafters, Inc.*
842 F.2d 639, 642 (2d Cir. 1988) ........................................................................................7

*Transaero, Inc. v. La Fuerza Area Boliviana*
24 F.3d 457, 461 (2d Cir. 1994) ..........................................................................................6

*United States v. Boch Oldsmobile, Inc*
909 F.2d 657], 661-662 [(1st Cir. 1990) ...............................................................................2

*United States v. Cirami*,
563 F.2d 26 (2d Cir. 1977) .......... 4

*United Student Aid Funds, Inc. v. Espinosa*,
559 U.S. 260, 130 S. Ct. 1367 (2010) .......... 2

*United States v. Karahalias*,
205 F.2d 331, 333 (2d Cir. 1953) .......... 2

**INTRODUCTION**

Defendant seeks to vacate the judgment of this court entered on May 26, 2009 in favor of plaintiff for the amount of $200,000.00 pursuant to F.R.C.P. R. 60(b). This case was brought by plaintiff seeking to enforce a $100,000.00 promissory note dated September 9, 2005 that on its face charged a 30% annual rate of interest. In its Opp. Memo (DKT#34), plaintiff attacks the particular statute that defendant moved under to vacate this judgment (F.R.C.P. 60(b)(4). The court could vacate the judgment under F.R.C.P. R. 60(b)(6) and defendant offers that provision as additional grounds to vacate the judgment based on the same set of facts it relied on in its *Memorandum of Law in Support of Motion* (DKT#30). Plaintiff utterly failed to address the criminal usury defense, outlined in detail in defendants *Memo. of Law in Support* of this motion, in any meaningful manner. This issue was fully addressed by defendant in its' Brief in Support of this motion (DKT#30), anticipating plaintiff's position in advance. This comes as no surprise to defendant and its counsel since the record before the court clearly establishes that plaintiff's transaction with defendant was fatally flawed. Plaintiff's Opp. Memo wholly disregards the seriousness of the usury claim and avoided addressing it. Not surprisingly, plaintiff attacks the rule defendant moved under, rather than the substantive legal issue. The defendant continues to proffer and rely upon the detailed usury discussion specifically outlined in its supporting brief (DKT#30) that details the specifics of the criminally usurious original transaction (the 30% note plus over 350% in stock), as well as the subsequent settlement agreement that was based on the terms of the original usurious note. Usury is a matter of great public policy concern in the state of New York and cannot be waived or compromised by a borrower. The transaction and judgment are void and unenforceable and should be vacated, and this case dismissed.

**POINT I**

**JUDGEMENT SHOULD BE VACATED PURSUANT TO R. 60(B)**

**F.R.C.P. R. 60(b) Applies to Vacating This Judgment under (b)(4) and/or (b)(6)**

**A.** F.R.C.P. R. 60(b)(4) Should Apply to this Matter

In its Opp. Memo plaintiff mostly focuses its defense of this motion on the applicability of R. 60(b)(4). It is well-established that the leading case defining the term "void" in R. 60(b)(4) is United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 130 S. Ct. 1367 (2010). The Court articulated the standard for "void" within the purview of Rule 60(b)(4) in relevant part as follows:

A void judgment is a legal nullity. Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, **it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.** The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to [*33] finality would swallow the rule. "A judgment is not void," for example, "simply because it is or may have been erroneous.". Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard . . . .Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction. *Nemaizer v. Baker,* 793 F.2d 58, 65 (C.A.2 1986); *see, e.g., [United States v.] Boch Oldsmobile, [Inc.],* [909 F.2d 657], 661-662 [(1st Cir. 1990)] ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . **only rare instances of a clear usurpation of power will render a judgment void**" (brackets and internal quotation marks omitted)). *In re Waters, 2011 Bankr. LEXIS 3245, *31-33, 2011 WL 3678910*

While the courts have predominantly applied this part of Rule 60(b) to jurisdictional and due process issues, this court should consider that if the underlying basis for a judgment is void, so too is the judgment itself, and Rule 60(b)(4) should be extended to those instances when a state law voids an underlying transaction *ab inito*. Plaintiff in this case set an interest rate of 30% in clear violation of Penal Law §190.40 and the entire transaction is void *ab initio*, as a matter of law under G.O.L. §5-511. The analysis should end here. If the underlying transaction is void

under state law, no judgment can be had and is void as well[1]. There simply is no way for plaintiff to avoid the consequences of trying to enforce a usurious contract under NY state law. Plaintiff raised the point that this motion should be premised on an "error" by the court under Sec. (b)(1), and under that part of the rule, the defendant would be time barred in bringing this motion based on that provisions 1 year limitation applied to sections (1) through (3). However, Rule 60(b) also allows the court to vacate a judgment under FRCP R. 60(b)(6) for *"any other reason that justifies relief"*. Defendant implores this court that relief under FRCP 60(b)(6) is justified.

**B.** F.R.C.P. R. 60(b)(6) Provides An Alternate Basis To Vacate the Judgment

Clause (6) of Rule 60(b) provides that relief may be granted for "*any other reason justifying relief.*" This part of the Rule is properly invoked when there are "extraordinary circumstances" justifying relief. See *Matter of Emergency Beacon Corp.*, 666 F.2d at 759, when the judgment may work an extreme and undue hardship, [**14] *Id.; United States v. Karahalias*, 205 F.2d 331, 333 (2d Cir. 1953), and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule. *Matter of Emergency Beacon Corp.*, 666 F.2d at 758; *Cirami*, 535 F.2d at 740. *See also LeBlanc v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001)* (held that Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served). The United States Supreme Court also held that Rule 60(b)(6) may also be invoked, notwithstanding the availability of proceeding under one of the other sections of the rule including legal error, provided it was accompanied by extraordinary circumstances. See *Mitchell v Rees*, 522 U.S. 1120 (1998).

---

[1] This also applies to the settlement between the parties, subject to this courts judgment, as was originally covered in defendants Memorandum of Law in Support of this motion, (DKT#30).

A three-part test must be met for a Rule 60(b) motion to prevail: first, there must be "highly convincing" evidence supporting the motion; second, the moving party must show good cause for failing to act sooner; and third, the moving party must show that granting the motion will not impose an undue hardship on the other party. *See Kotlicky v. United States Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).

*Highly Convincing Evidence*

The first prong of the three-part test adopted in *Kotlicky* is fully satisfied by the 30% per annum usurious rate of interest found on the face of the Note that violated NY Usury laws and is void *ab initio*. The evidence also indicates that the plaintiff received 500,000 shares of stock, valued at $350,000.00 at the time the loan was made. (*See Declaration of John Ayling dated October 4, 2017,* DKT# 31). This brought the interest rate to over 380%. According to §5-501 and Penal Law §190.40, the 30% interest rate constitutes an unlawful rate of interest. The evidence presented in support of this motion is found in this courts record, as admissions by plaintiff that he not only charged a 30% annual rate of interest, but also took $350,000.00 worth of stock as part of the transaction. (*See Plaintiff's Rule 56.1 Statement in support of its motion for partial summary judgment*. DKT#16).

*Good Cause for Failing to Act Sooner*

The attorney representing the defendant was not familiar with the defense of criminal usury even though he did assert the defense in the defendants answer. (See *Declaration of John Ayling dated October 4, 2017,* DKT#31 at ¶16*)*. Defendant asserts that previous counsel did not provide adequate representation. An attorney's conduct only rises to the level contemplated by Rule 60(b)(6) in cases of "constructive disappearance" or a similar inability to provide adequate representation. *See United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977); *Nurani v.*

Marissa by GHR Industries, 151 F.R.D. 32 (S.D.N.Y. 1993). It is defendants position that its original counsel was not adequately versed in the New York usury laws so as to properly advise defendant that the initial transaction was void as a matter of law and unenforceable against the defendants because it violates New Yorks criminally usury and General Obligations laws. Defendant also relies on the law cited in its Memorandum of Law in Support of this motion (DKT#30), that New York does not impose a time limitation on asserting criminal usury and since its an unwaivable right, in the alternative, this part of the test is inapplicable.

*Granting Motion will not Impose Undue Hardship on Plaintiff*

Finally, granting the relief defendant seeks would not cause any undue hardship on the other party since Plaintiff already received 500,000 shares of defendant's company stock in consideration of issuing the loan. The stock was valued at $0.70 a share at the time. Plaintiff has already received $350,000.00 worth of stock from defendant and is now attempting to enforce a judgment in state court to collect even more on an illegal contract. (*See Ayling Declaration*, DKT#31 at ¶'s 3 and 4).

*Extreme and Undue Hardship on the Defendant*

An additional element in considering whether to grant relief pursuant to Rule 60(b)(6) is extreme and undue hardship to the defendant. On July 25th 2015, the New York State Supreme Court entered a judgment in favor of plaintiff ordering defendant to deliver 200,000,000 shares of defendant's common public stock to plaintiff to satisfy the judgment of this court. The state court Judgment requires defendant to issue 200,000,000 (two hundred million) shares of $.001 par value common stock that at the time was trading at $.26 per share and represents more than $50,000,000 (fifty million dollars) in common stock to satisfy a $200,000.00 judgment upon which plaintiff already received $75,000.00 in consideration (stock). *(See ¶10 Affidavit John*

*Ayling dated May 3, 2016).* That the company's public shares that are outstanding (22,532,504), would be diluted by more than 10 times and could cause the collapse of the public market. Id. ¶ 11. That defendants market capitalization in the public markets is a little more than $5,000,000.00 and would be severely impacted and reduced to perhaps non-existence if the judgment is enforced. Id. ¶13. The Affidavit of John Ayling dated May 3, 2016 further indicates additional ways that defendant would suffer irreparable harm including over a 90% dilution of more than 600 shareholders stock interest ¶14 C; the defendant will lose a carry forward tax loss of $10,000,000 ¶14 E; acquisitions the defendant has lined up will not go forward, ¶14 H and first lien holders on all of the defendants assets would have their prospects of recovery severely diminished, ¶14 J. It is clear that without this court vacating its judgment, the method of enforcement of this courts judgment by the State Court would cause a likely fatal hardship on defendants' company.

**C.** The Entire Transaction and Settlement Suffers a Fatal Infirmity

It would be unconscionable to state that in the interests of finality, enforcement of an illegal contract would be an adequate remedy for plaintiff while defendant's valid statutory defense of criminal usury, which serves to protect society as a whole, is rendered silent. See *Josefsek v. Sedgwick, Inc.*, 2005 U.S. Dist. LEXIS 19286, at *15 (S.D.N.Y. Aug. 17, 2005) quoting *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir. 1994) (The Second Circuit has described Rule 60(b)(6) as "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.") Defendant asks this court to tap into that "grand reservoir" as the record here demonstrates that plaintiff is continuing

to attempt to cash in on a quite illegal contract[2]. The settlement order should be vacated pursuant to R. 60(b)(6) in order for substantial justice to be served. This court has inherent power to vacate the judgment under 60(b)(6). See Klapprott v. United States, 335 U.S. 601, 614-15 (1949).

> *This Court immediately recognized that "the language of the 'other reason' clause . . . vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."*

For the reasons mentioned above, the only way to carry out the intent of the legislature in drafting the usury laws is to vacate the judgment that approved the settlement. The law required plaintiff-lender to set a lawful rate of interest and plaintiff failed to do so. Fed. R. Civ. Pro. R. 60(b)(6) is appropriate for such circumstances as are present here. It is true that 60(b)(4) cannot usually be invoked simply because a judgment may have been rendered erroneously as that would destroy judicial interest in "finality." However, defendant urges that the concept of finality must also be given deference to the bodies of law that directly affect the judgment. Defendant relies on Penal Law ¶190.40 and General Obligations Law §5-501 and §5-511 in its motion. Defendants, neither by statute, nor by any action of its own cognizance, can waive the defense of criminal usury. Criminal usury is a right that cannot be waived by a borrower in New York. (See *Defendants Memorandum of Law in Support of the instant motion (*DKT#30).

[2] The defendant again refers this court to its Memorandum of Law in Support of this motion (DKT#30) wherein it developed the criminal usury defense and that under Penal Law §460.10, charging a criminally usurious rate is a criminal act making the note an illegal contract.

**POINT II**
**THIS CASE SHOULD BE DISMISSED PURSUANT TO RULE 12(c)**

**D**. This Case Should Be Dismissed Pursuant to Rule 12(C) F.R.C.P after Vacating Judgment

The Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed. *See* Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers* v. *M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir. 1988). The standard for ruling on a Rule 12(c) motion mirrors a motion to dismiss under Rule 12(b), in that "the court must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party." *Madonna* v. *U. S.,* 878 F.2d 62, 65 (2d Cir. 1989). See *Rothstein v. Isolation Film LLC,* 2017 U.S. Dist. 59133 (S.D.N.Y. Mar. 22, 2017) where J. Buchwald of this district held that the underlying obligation being sued upon was criminally usurious on its face, void as a matter of law, and dismissed the complaint pursuant to Fed. R. Civ. Pro. §12(b)(6). This court must find that the underlying transaction on its face is criminally usurious because it charged a 30% annual rate of interest from the onset of the loan, and it must dismiss the complaint with prejudice and award defendant the relief it seeks

**CONCLUSION**

Defendant has demonstrated that this courts record proves that plaintiff charged a 30% annual rate of interest on a loan of $100,000.00 in 2005. That the transaction also included additional forms of interest in the form of stock that was part of, and issued to plaintiff at the time of the transaction, said stock bearing it own additional value of $350,000.00 (350%). That the transaction violated Penal Law §190.40 in that it exceeded the 25% limit imposed by New York State's Legislature, and that the loan is void, *ab initio*, as a matter of law, pursuant to Gen.

Oblig. Laws §5-511. Defendant has also demonstrated that the courts in New York vacate judgments upon the issue of the assertion of criminal usury, a right created by pubic policy that cannot be waived or bargained away by the borrower. That at least in one instance, a judgment that was 7 years old was vacated based on criminal usury.

That the New York State courts decision to compel defendant to issue to plaintiff 200,000,000 shares of its unissued publicly traded common stock to satisfy the judgment of this court not only imposes an undue and unbalanced hardship on defendant, it would render the New York states usury laws ineffective and in violation of the public policy of this state.

New York's General Obligations Laws and Penal Code serve to establish a bright-line rule for determining and punishing criminally usurious financial transactions in the interest of protecting society. The settlement agreement did not vitiate criminal usury, but rather, it extended it. (*See Defendant's Memorandum of Law in Support* DKT#30). The judgment rendered by this court on May 27, 2009 is still infirm. Defendant suggest that this is the type of "extraordinary circumstance" the court in *Matter of Emergency Beacon Corp.*, 666 F.2d at 759, when the judgment may work an extreme and undue hardship, [**14] *Id.; United States v. Karahalias*, 205 F.2d 331, 333 (2d Cir. 1953) was referring to. Pursuant to F.R.C.P. R. 60(b), the court should vacate the judgment and dismiss this case in its entirety pursuant to F.R.C.P. Rule 12(c).

Respectfully Submitted:

**THE BASILE LAW FIRM P.C.**
Mark R. Basile, Esq. (MB2201)
*Attorney for Defendant LD Holdings, Inc.*
68 S. Service Rd. – Ste. 100
Melville, New York 11747
516.455.2134
(Fax) 631.498.0478
mark@thebasilelawfirm.com