USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/29/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
JOHN LEO,

                    Plaintiff,

                                  06 Civ. 13566 (DAB)
                                  __MEMORANDUM & ORDER__

      v.

LEISURE DIRECT, INC., et al.,

                    Defendants.
------------------------------------------------X
**DEBORAH A. BATTS, United States District Judge.**

    On May 26, 2009, Magistrate Judge Peck signed a Stipulation & Order in this case, entering a judgment in the amount of $200,000.00 in favor of Plaintiff John Leo and against Defendant Leisure Direct, Inc., now known as LD Holdings, Inc., ("LD") and dismissing all claims against Defendant John Ayling with prejudice. The case involved a $100,000.00 note issued by Plaintiff to LD with an annual interest rate of 30%. (Mem. & Order Granting Partial Summ. J. ("S.J. Op."); Compl. ¶ 9.) A Clerk's Judgment was entered on May 27, 2009. (ECF No. 27.) On October 4, 2017, LD filed a Motion seeking to vacate the Judgment and dismiss the Complaint on the grounds that the Judgment is void because the underlying note imposed a usurious interest rate. For the following reasons, the Court DENIES LD's Motion.

I. BACKGROUND

The facts relevant to this case are set forth in greater detail in the Court's Memorandum & Order on Partial Summary Judgment of February 13, 2009. In brief, pursuant to a promissory note (the "Note") Plaintiff loaned LD $100,000.00 for a period of 179 days at a stated annual interest rate of 30%. (S.J. Op. at 2.) Other provisions of the agreement and a subsequent contract provided for the reservation or exchange of LD's stock. (Id. at 2-4.)

Defendants asserted usury as an affirmative defense in their Answer (Ans. ¶ 70), but LD did not oppose Plaintiff's Motion for Partial Summary Judgment against it. The Court granted Plaintiff's Motion for Partial Summary Judgment as against LD and referred the case to Magistrate Judge Peck for an inquest into damages. (ECF No. 23.) In an Order setting the briefing schedule for the inquest, Judge Peck directed the parties to address whether the Note's 30% interest provision violated New York's usury laws. (ECF No. 24 at 2.)[1] The parties then submitted, and Judge Peck so ordered on May 26, 2009, a stipulation agreeing that "Judgment in the amount of two hundred thousand dollars ($200,000.00) may be entered in favor of Plaintiff John Leo and against [LD] forthwith, without the

---

[1] In the same Order, Judge Peck dismissed Plaintiff's claims against Defendant Ayling and his remaining claims against LD.

2

requirement of an inquest." (ECF No. 26.) A Clerk's Judgment reflecting the Stipulation and Order was entered on May 27, 2009. LD filed a Motion to Vacate Judgment and to Dismiss the Case Pursuant to Federal Rule of Civil Procedure 12(c) on October 4, 2017. Plaintiff opposed.

II. DISCUSSION

A. Legal Standard for a Rule 60(b)(4) Motion to Dismiss

LD seeks to vacate the Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). Rule 60(b) provides that a court may relieve a party from "a final judgment, or for the following reasons," inter alia:

(1) mistake, inadvertence, surprise, or excusable neglect;
. . .
(4) the judgment is void; [or]
. . .
(6) any other reason that justifies relief.

"Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990).

A judgment is not void just because it is erroneous. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). Rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of

3

notice or the opportunity to be heard." Id. at 271; see also Congregation Mischknois Lavier Yakov, Inc. v. Bd. of Trustees for Vill. of Airmont, 301 F. App'x 14, 16 (2d Cir. 2008) ("[S]o-ordered settlements have been held to be void on a Rule 60(b)(4) motion where the settlement and the underlying proceedings were fraught with serious irregularities which did indeed amount to a violation of the due process rights of one of the parties."); Grace v. Bank Leumi Tr. Co. of N.Y., 443 F.3d 180, 193 (2d Cir. 2006). It, however, "does not allow district courts to indulge a party's discontent over the effects of its bargain. Accordingly, when a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect." Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994) (internal quotations, alterations, and citations omitted).

B. Rule 60(b)(4) Application

LD appears to concede in its Reply Memorandum that there is no jurisdictional or due process issue in this case. (Def.'s Reply Mem. at 2.) It, however, urges the Court to "consider that if the underlying basis for a judgment is void, so too is the judgment itself." (Id.) Even assuming Defendant's argument that

a criminally usurious loin is void <u>ab initio</u> is correct,[2] its argument is foreclosed by Second Circuit and Supreme Court precedent. <u>See</u> <u>United Student Aid Funds</u>, 559 U.S. at 275 (holding that, although bankruptcy court committed legal error, its order was enforceable because party "had notice of the error and failed to object or timely appeal"). Even if the Note was void because of its usurious interest rate, that is not a basis for vacating a judgment pursuant to Rule 60(b)(4). Defendant's Motion is thus DENIED on that basis.

   C. Rule 60(b)(6)

Defendant argues in its Reply Brief that Federal Rule of Civil Procedure 60(b)(6) provides an alternate basis to vacate the judgment. (Def.'s Reply Mem. at 3-7.) A district court has discretion as to whether to consider an argument raised for the first time in a reply brief. <u>In re Various Grand Jury Subpoenas</u>, 235 F. Supp. 3d 472, 485 (S.D.N.Y. 2017); <u>see also</u> <u>Knipe v. Skinner</u>, 999 F.2d 708, 711 (2d Cir. 1993). Here, the Court, in its discretion, declines to consider Defendant's argument. It is clear that Plaintiff pointed to an obvious flaw in Defendant's argument pursuant to Rule 60(b)(4) in its Opposition, and

---

[2] Whether criminally usurious loans are void is an open question under New York law. <u>Adar Bays, LLC v. Aim Expl., Inc.</u>, 285 F. Supp. 3d 698, 704 (S.D.N.Y. 2018) (citing <u>In re Venture Mortg. Fund, L.P.</u>, 282 F.3d 185, 189 (2d Cir. 2002)).

5

Defendant was left to search for a different explanation as to why the Judgment should be vacated. Defendant could have asserted the Rule 60(b)(6) argument in its initial Motion but failed to do so.

Even if the Court were to consider Defendant's argument that the Judgment should be vacated pursuant to Rule 60(b)(6), that argument would also fail. "[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)); see also Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986). "A failure to properly estimate the loss or gain from entering a settlement agreement is not an extraordinary circumstance that justifies relief under Rule 60(b)(6)." United States v. Bank of N.Y., 14 F.3d 756, 760 (2d Cir. 1994); see also S.E.C. v. Conradt, 309 F.R.D. 186, 188 (S.D.N.Y. 2015), aff'd, 696 F. App'x 46 (2d Cir. 2017).

The Court briefly addresses Ayling's statement in his Declaration: "The attorney that I used for this case was not knowledgeable under New York's usury laws and did not properly advise me, or the company, with regard to our rights in defense of this action." (Decl. of John Ayling ¶ 16.) Attorney neglect can, in some circumstances, constitute an exceptional circumstance under Rule 60(b)(6). See United States v. Cirami,

563 F.2d 26, 29-35 (2d Cir. 1977). Unfamiliarity with New York's usury laws does not rise to such a level. In United States v. Cirami, 563 F.2d 26 (2d Cir. 1977), the Second Circuit held that it was possible that the moving party's attorney had constructively disappeared, where the attorney was "allegedly suffering from a psychological disorder which led him to neglect almost completely his clients' business while at the same time assuring them that he was attending to it, and who had made himself unavailable even to the trial judge." Id. at 34. There, the moving party submitted substantial evidence of the attorney's neglect. See id. at 31. This is not the case here.

Thus, the Court, in its discretion, DENIES Defendant's Motion pursuant to Rule 60(b)(6).

III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate the Judgment is DENIED.

SO ORDERED.

DATED:   New York, NY
         August 29, 2018

_Deborah A. Batts_
Deborah A. Batts
United States District Judge

7